UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Roofers Local No. 96 Fringe Benefits Funds; and the Trustees of the National Roofing Industry Pension Plan, | Civil No. 05-545 (PAM/RLE) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Tek Roofing Company, a foreign corporation not qualified to do business in the state of Minnesota, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Default Judgment and Injunction. For the reasons that follow, the Motion is granted.

On May 1, 2004, Defendants entered into a collective bargaining agreement with the Roofers Local Union No. 96. Under the collective bargaining agreement, Defendants must submit fringe benefit contribution report forms and fringe benefit contribution payments to the Plaintiffs' third party administrator on behalf of each employee covered by the agreement. The agreement is effective until April 30, 2005.

Plaintiffs seek a default judgment against Defendants. Plaintiffs served Defendants with the Summons and Complaint in the instant action on March 21, 2005, alleging that Defendants failed to submit fringe benefit contribution report forms and/or fringe benefit contribution payments to a third party administrator. Defendants have failed to plead or otherwise defend against the Complaint. Accordingly, default judgment is proper. See Fed. R. Civ. P. Rule 55(a).

Plaintiffs also seek injunctive relief. An injunction may be granted only if the moving party can demonstrate: (1) a likelihood of success on the merits; (2) that the balance of harms favors the movant; (3) that the public interest favors the movant; and (4) that the movant will suffer irreparable harm absent the injunction. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is considered to be a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993).

In this case, the Dataphase factors weigh in favor of an injunction. Defendants have failed to respond to the Complaint, thereby warranting the entry of default judgment against it. Plaintiffs face irreparable harm from Defendants' delinquency because Plaintiffs have a continuing obligation to provide benefits regardless of whether Defendants submits the fringe benefit contribution payments. Plaintiffs' continuing harm outweighs any prejudice to Defendants resulting from the issuance of an injunction. Finally, Plaintiffs have no adequate remedy at law as a result of their continuing obligation to provide such benefits. Thus, issuing an injunction will serve the public interest by protecting employees under the collective bargaining agreement.

Based on all files and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment and Injunction (Clerk Doc. No. 3) is **GRANTED**:

1. Defendants must provide Plaintiffs' third party administrator all delinquent fringe benefit contribution report forms for all months for which Defendants are delinquent.
2. Defendants must pay Plaintiffs' third party administrator all delinquent fringe benefit

contribution payments, together with interest and liquidated damages.

3. Defendants must submit to Plaintiffs' third party administrator all books and records for an audit disclosing the amount of unpaid fringe benefit contribution payments.

4. Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure because Defendants will not be harmed by the issuance of the requested Injunction.

Dated: June 7, 2005

                                                     s/ Paul A. Magnuson
                                                    Paul A. Magnuson
                                                    United States District Court Judge